UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GUSTAVO JIMENEZ, *et al*, | § § § | |
| *Plaintiffs*, | § | |
| VS. | § § | CIVIL ACTION 3:14-CV-0246 |
| US ENVIRONMENTAL SERVICES, LLC, *et al*, | § § § § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Intervenor Plaintiff Jonathan Davis' ("Davis") Motion to Remand. Dkt. 42. The remaining Plaintiffs and Intervenor Plaintiffs have also filed their own Motion to Remand. Dkt. 46. After considering the Motions, all responses, and the applicable law, the Court finds that Plaintiffs' Motions to Remand are hereby **GRANTED**. Accordingly, it is **ORDERED** that this action is **REMANDED** to the County Court at Law, No. 3, Galveston County, Texas. All other pending motions are hereby **DENIED as moot**.

### I. BACKGROUND

Plaintiffs were injured while aboard Defendant OMI Environmental Solutions' ("OMI") vessel, *M/V OMI 4233*, when it collided with Defendant US Environmental Services, LLC's ("USES") vessel, *M/V INTREPID III*, on the lower Mississippi River near Fort Jackson, Louisiana. Plaintiffs filed suit in the County Court at Law, No. 3 of Galveston County, Texas alleging negligence, negligence per se, and gross negligence. Defendants OMI and USES jointly removed the suit to federal court.

Relying on the holding in *Ryan v. Hercules Offshore Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013), Defendants assert that removal is appropriate under the "clear and unambiguous" amended language of 28 U.S.C. § 1441 as this case is a "Civil Action over which this Court has original jurisdiction pursuant to U.S.C. § 1333." Dkt. 1 at 1; Dkt. 25 at 7; Dkt. 43 at 13. In response, Plaintiffs filed their Motions to Remand asserting that removal was improper because there is no diversity of citizenship. Dkts. 42 and 46. Plaintiffs argue that: (1) "The Saving to Suitors clause is an Act of Congress that prohibits removal of maritime cases;" and (2) "if the Court found otherwise, the Saving to Suitors clause's guarantee of a jury trial would be nullified." Dkt. 42 at 7, 11; *see also* Dkt. 46 at 12-13, 19. The Court examines these arguments below.[1]

## II.  ANALYSIS

### A.  The Language of 28 U.S.C. § 1441

Historically, except where diversity existed, admiralty and maritime cases brought in state court were not removable to federal court. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 378, 79 S. Ct. 468, 483, 3 L. Ed. 2d 368 (1959) (general maritime and admiralty claims do not present a federal question under 28 U.S.C. § 1331); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961) ("[*Romero*] made clear that except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts."). The nonremovability of maritime claims has been attributed to the particular language of the removal statute, 28 U.S.C.

---

[1] Because the Court is remanding this action on jurisdictional grounds, arguments regarding the timeliness of removal will not be addressed.

2

§ 1441 (a)-(b). *See In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991). Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant. . ." 28 U.S.C. § 1441. Before December 2011, subsection (b) contained language limiting the scope of subsection (a):

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Id.* Under this version of § 1441(b), only cases "founded on a claim or right under the Constitution, treaties or laws of the United States" were removable without regard to the parties' citizenship. *Id.* Subsection (b)'s specific requirement that "any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" was construed as the "Act of Congress" within the meaning of subsection (a) that prevented removal of actions falling within the district courts' original admiralty jurisdiction. *Ryan*, 945 F. Supp. 2d at 777-78.

In 2011, Congress amended 28 U.S.C. § 1441 through passage of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"). *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 230 (5th Cir. 2013). After these amendments, the operative language of subsection (a) remains unchanged. However, subsection (b) no longer contains the language prohibiting removal of claims falling within the original

3

jurisdiction of the district courts unless "none of the . . . defendants is a citizen of the State in which such action is brought." *See Ryan*, 945 F. Supp. 2d at 774-75. Instead, subsection (b) now reads as follows:

> **(b) Removal based on diversity of citizenship.—(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

One of the first opinions to address the effect of these amendments on the removability of maritime and admiralty cases to federal court in the absence of diversity of citizenship was *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013). In *Ryan*, the district court noted that the plain language of the current version of section 1441 allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Ryan*, 945 F. Supp. 2d at 775, 778. Accordingly, the court concluded that district courts may now exercise removal jurisdiction over admiralty and maritime claims regardless of the citizenship of the parties. *Id.* at 777-78. As the court reasoned,

> [Congress] deleted the text in section 1441(b) upon which courts in the Fifth Circuit relied as being an "Act of Congress" that precluded removal of cases that did not meet the other requirements of section 1441(b). The new version of section 1441(b) speaks solely to cases that are removed on the basis of diversity of citizenship. . . . While it is possible that Congress did not intend for the changes to section 1441 to be substantive, it nevertheless made substantial changes to the text of section 1441(b).

*Id.* at 777.

However since its issuance, a "growing chorus" of district courts—including a majority of those in the Fifth Circuit—have rejected *Ryan*'s construction of the amendments to Section 1441.[2] Presently, none of the courts of appeals have resolved the conflict between the district courts regarding the effect of the amendments to § 1441.[3] As many courts have noted, there is a serious question as to whether the savings to suitors

---

[2] *See Defelice Land Co., LLC v. Conocophillips Co.*, No. 15-614, 2015 WL 3773034 (E.D. La. June 17, 2015) (Feldman, J.); *Jefferson Parish v. Equitable Petroleum Corp.*, No. 13-6714, 2015 WL 2372362 (E.D. La. May 18, 2015) (Vance, J.); *Carnes v. Friede & Goldman, L.L.C.*, No. 1:14-CV-668, 2015 WL 2185317 (E.D. Tex. May 11, 2015) (Crone, J.); *Clear Lake Marine Ctr., Inc. v. Leidolf*, No. 4:14-CV-3567, 2015 WL 1876338 (S.D. Tex. Apr. 22, 2015) (Lake, J.); *Schaffer v. Air & Liquid Sys. Corp.*, No. 4:14CV1789 HEA, 2015 WL 1611352 (E.D. Mo. Apr. 10, 2015) (Autrey, J.); *J.P. v. Connell*, No. 2:15-CV-103-FTM-38CM, 2015 WL 1346976 (M.D. Fla. Mar. 26, 2015) (Chappell, J.); *Waddell v. Edison Chouest Offshore*, No. 3:14-CV-170, 2015 WL 1285718 (S.D. Tex. Mar. 20, 2015) (Harmon, J.); *Alexander v. Magnolia Marine Transp. Co.*, No. 14-2795, 2015 WL 1298394 (E.D. La. Mar. 19, 2015) (Duval, Jr., J.); *Mims v. Deepwater Corrosion Services, Inc.*, No. 4:14-CV-0594, 2015 WL 1185817 (S.D. Tex. Mar. 16, 2015) (Harmon, J.); *Progressive Mountain Ins. Co. v. Dana C. McLendon Co. Inc.*, No. 2:14-CV-04413-DCN, 2015 WL 925932 (D.S.C. Mar. 4, 2015) (Norton, J.); *Cormier v. Chet Morrison Contractors, LLC*, No. 3:14-CV-208, 2015 WL 507513 (S.D. Tex. Feb. 6, 2015) (Ellison, J.); *Boudreaux v. Global Offshore Res., LLC*, No. 14-2507, 2015 WL 419002 (W.D. La. Jan. 30, 2015) (Hill, Mag. J.); *Parish v. Rozel Operating Co.*, No. 13-6722, 2015 WL 403791 (E.D. La. Jan. 29, 2015) (Africk, J.); *Rabenstine v. Nat'l Ass'n of State Boating Law Administrators, Inc.*, No. 4:14-CV-78, 2015 WL 256533 (E.D. Va. Jan. 20, 2015) (Morgan, Jr., J.); *A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Americas, LLC*, No. 2:14-CV-425, 2015 WL 128055 (E.D. Va. Jan. 9, 2015) (Doumar, J.); *Parker v. U.S. Envtl. Services, LLC*, No. 3:14-CV-0292, 2014 WL 7338850 (S.D. Tex. Dec. 22, 2014) (Ellison, J.); *Serigny v. Chevron U.S.A., Inc.*, No. 14-0598, 2014 WL 6982213 (W.D. La. Dec. 9, 2014) (Drell, J.); *Harbor Docking & Towing Co., LLC v. Rolls Royce Marine N. Am., Inc.*, No. 2:14-CV-2487, 2014 WL 6608354 (W.D. La. Nov. 19, 2014) (Kay, Mag. J.); *Rutherford v. Breathwite Marine Contractors, Ltd.*, No. 3:13-CV-0312, 2014 WL 6388786 (S.D. Tex. Nov. 12, 2014) (Gilmore, J.); *Harrold v. Liberty Ins. Underwriters*, No. 13-762, 2014 WL 5801673 (M.D. La. Nov. 7, 2014) (DeGravelles, J.); *Yavorsky v. Felice Navigation, Inc.*, No. 14-2007, 2014 WL 5816999 (E.D. La. Nov. 7, 2014) (Lemmon, J.).

[3] *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 222-23 (5th Cir. 2013) (noting the 2011 amendments to section 1441, citing *In re Dutile*, 935 F.2d at 63 for the proposition that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 may require complete diversity prior to removal," but not directly deciding the issue); *see also Lu Junhong v. Boeing Co.*, No. 14-1825, 2015 WL 4097738 (7th Cir. July 8, 2015) (finding aviation accident within the court's admiralty jurisdiction, that removal to federal court was proper, but not addressing whether complete diversity is required for removal jurisdiction).

clause contained in 28 U.S.C. § 1331 operates as an independent bar to removal jurisdiction where diversity of citizenship is lacking.

### B. The Savings to Suitors Clause

The saving to suitors clause is part of the Congressional grant of original admiralty jurisdiction to the federal district courts in 28 U.S.C. § 1333. Section 1333(1) states that, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." It is well established that the "saving to suitors" clause preserves the right to certain remedies, including the right to a jury trial, but not the right to proceed in state court. *See Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. 1981) ("The 'saving to suitors' clause does no more than preserve the right of maritime suitors to pursue nonmaritime remedies. It does not guarantee them a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty.").

Several courts in this Circuit have suggested that the "saving to suitors" clause could operate as an express provision by an Act of Congress that would preclude removal under the removal statute. *See, e.g., Perio v. Titan Marine, LLC*, No. 4:13-1754, 2013 WL 5563711, at *13-14 (S.D. Tex. Oct. 8, 2013). Similarly, some courts have rejected the reasoning in *Ryan* and have expressed a concern that allowing the removal of maritime claims under section 1441 without regard to the citizenship of the parties might undermine a plaintiff's right to a jury trial—a remedy specifically preserved through the

6

savings to suitors clause. *See, e.g., Riley v. Llog Exploration Co., LLC*, No. 14-437, 2014 WL 4345002, at *4 (E.D. La. Aug. 28, 2014) (discussing impact of *Ryan* and the right to a jury); see also *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55, 121 S. Ct. 993, 1004, 148 L. Ed. 2d 931 (2001) ("Trial by jury is an obvious, but not exclusive, example of the remedies available to suitors."); FED. R. CIV. P. 9(h), 38(e) (no jury trial right with admiralty and maritime claims). Numerous courts have identified the challenge of determining whether removed admiralty and maritime cases would be entitled to a jury trial as additional support for the conclusion that such cases should remain in state court. *See, e.g., Figueroa v. Marine Inspection Services*, 28 F. Supp. 3d 677, 680-81 (S.D. Tex. 2014).

The Court is mindful that removal raises significant federalism concerns, and section 1441 is therefore to be strictly construed, with any doubt about the propriety of removal resolved in favor of remand. *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Accordingly, the Court declines to follow *Ryan* and concludes instead that this suit should be remanded. *See, e.g., Parker*, 2014 WL 7338850 at *6; *Hamerly v. Tubal-Cain Marine Services, Inc.*, 62 F. Supp. 3d 555, 559-60 (E.D. Tex. 2014); *Harbor Docking & Towing*, 2014 WL 6608354, at *3; *Rutherford*, 2014 WL 6388786, at *4-5; *Harold*, 2014 WL 5801673, at *3-4; *Dyche v. US Env't Servs., LLC*, 72 F. Supp. 3d 692, 696-97 (E.D. Tex. 2014); *Figueroa*, 28 F. Supp. 3d at 681-82; *Porter v. Great American Ins. Co.*, No. 13-3069, 2014 WL 3385148, at *1 (W.D. La. July 9, 2014).

### III. CONCLUSION

Until the Fifth Circuit, Congress, or the Supreme Court determines otherwise, this Court will follow the long established practice in this Circuit that exempts general maritime and admiralty claims from removal absent an independent basis for federal court jurisdiction. Here, Plaintiff elected to bring this action in state court. Defendants removed to federal court based solely upon the district court's admiralty and maritime jurisdiction and have urged no other grounds for removal. Complete diversity is lacking, and none of Plaintiff's claims raise a federal question. As such, removal is improper.

Accordingly, Plaintiffs' Motions for Remand (Dkts. 42 and 46) are **GRANTED**, and this action is hereby **REMANDED** to the County Court at Law, No. 3, Galveston County, Texas. The Clerk will promptly deliver a copy of this Memorandum Opinion and Order to the County Clerk of Galveston County, Texas.

SIGNED, at Galveston, Texas _August 6_, 2015.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE